AO 106 (Rev. 04/10) Application for a Search Warrant

Case 3:16-mj-00287-BK Document 1 Filed 04/04/16 Page 1 of 9 PageID 1

SEALED

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR - 4 2016

CLERK, U.S. DISTRICT COURT
By _____ Deputy

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 3:16-MJ-287-BK
2009 Nissan Altima bearing Texas license plate )
HCC3997 with VIN # 1N4AL24E29C143028 )
 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the ____Northern____ District of ____Texas____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 846 | Conspiracy to Possess with Intent to Distribute a Controlled Substance |

The application is based on these facts:
See search warrant affidavit incorporated herein.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Jason Ford, Task Force Officer, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 04/04/2016

_____
*Judge's signature*

City and state: Dallas, Texas    The Honorable Renee H. Toliver
*Printed name and title*

## Affidavit in Support of Search Warrant

I, Jason Ford, having been duly sworn, do depose and state as follows:

## I. PREFACE

The following affidavit is furnished to support an application for a search warrant for a 2009 Nissan Altima bearing Texas license HCC3997 (Target Vehicle) with a Vehicle Identification Number (VIN) of 1N4AL24E29C143028. The Target Vehicle is currently in the possession of The Drug Enforcement Agency, Dallas Field Division (DEA) and is located at 10160 Technology Boulevard East, Dallas, Dallas County, Texas. This location is in the Northern District of Texas. The described vehicle was used to deliver ½ of a kilogram of heroin on March 23, 2016 and is suspected of containing more narcotics or the proceeds from the sale of narcotics. The vehicle has been used to distribute large quantities of controlled substances. Your affiant believes that probable cause exists that in this location, evidence, fruits, and/or instrumentalities of violations of federal law, specifically 21 U.S.C 846 (conspiracy to possess with intent to distribute a controlled substance) will be found.

## II. INTRODUCTION

1.   I am a police officer with the Dallas (Texas) Police Department. I have been a police officer for twenty-five years and have investigated narcotic offenses for the past thirteen years. I am currently assigned as a Task Force Officer (TFO) to the Dallas Field Division of the Drug Enforcement Administration (DEA), United States

Department of Justice and have been so assigned for approximately 12 years. I have participated in all of the normal methods of investigation, including, but not limited to, electronic and visual surveillance, general questioning of witnesses, the use of search warrants, confidential informants, pen registers, and undercover agents. I have also received specialized training in Title III investigations from the DEA and have attended numerous narcotics training conferences, as well as various other narcotics and general law training courses, pertaining to narcotics interdiction, confidential source handling, interviews and interrogation. I have conducted numerous federal and state investigations involving the sale, distribution, importation and smuggling of illegal narcotics and/or the laundering of proceeds derived from the sale thereof. I am also familiar with the means and methods involved in narcotics distribution to include the use of coded language by narcotic traffickers.

2. I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7); that is, I am an officer of the United States who is authorized by law to conduct investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516. I and other law enforcement agents and officers have used these techniques during this investigation.

III. BACKGROUND

3. On March 23, 2016 an arrangement was made between a Confidential Informant (C.I.) and Jesse Barron to conduct a transaction at 4303 Bernal Drive, Dallas,

Texas involving the C.I purchasing ½ of a kilogram of heroin from Barron. Surveillance was established at 4303 Bernal Drive prior to the C.I. arriving. Once the C.I. arrived it was learned that the heroin had yet to be delivered. The informant was told by Barron that the heroin was close to the Bernal address. A short time later Alberto Suarez arrived driving the Target Vehicle. Suarez exited the vehicle and brought a bag into the house at 4303 Bernal Drive that contained the ½ kilogram of heroin. Suarez and Barron were arrested.

4. Following the arrest of Barron and Suarez, both were given their Miranda Warnings by your Affiant and asked to speak to investigators regarding their arrest. Barron agreed to waive his Miranda Rights and speak without his attorney. Barron admitted his role in the delivery of the ½ kilogram of heroin and also told investigators that Suarez did in fact deliver the heroin in the Target Vehicle.

5. On March 23, 2016 the Target Vehicle was taken from the scene to 10160 Technology Blvd. East, Dallas, Texas following the arrest. The vehicle was to be seized due to the fact that this vehicle was used to deliver narcotics. On April 1, 2016 your Affiant had a Dallas Police Department K-9 unit check the Target Vehicle for the presence of a controlled substance. Dallas Police Detective J. Martinez #5284 and his K-9 partner, "Weez" responded to the location where the silver Nissan was parked. The vehicle was in a controlled parking lot inside the fenced in area of the D.E.A.. "Weez" has been working with Detective Martinez since September of 2012 and has been

responsible for the seizure of marijuana, methamphetamine, cocaine, heroin, and over $500,000 in drug related U.S. currency. A signed affidavit of "Weez's" qualifications is attached to this search warrant affidavit. "Weez" gave a positive alert to the presence of narcotics in the front area of the vehicle. "Weez" then entered the passenger compartment of the Nissan Altima and again gave a positive alert by scratching the dash board. Affiant was advised by Detective Martinez that Nissan Altima vehicles are known to be an easy vehicle to build hidden compartments in the dash area.

IV. **PROBABLE CAUSE FOR SEARCH LOCATION**

A. **2009 Nissan Altima Texas license HCC3997, VIN # 1N4AL24E29C143028 (Target Vehicle)**

6. This investigation has identified the Nissan Altima as a vehicle used to transport and distribute heroin. The vehicle is in the custody of the DEA and parked in the Northern District of Texas.

7. Based on the aforementioned, there is probable cause to believe that the vehicle has been used in drug distribution activities, and possibly still contains illegal narcotics or currency used in connection with illegal drug distribution activities.

## CONCLUSION

8. This investigation has shown that vehicle that is the subject of this search warrant affidavit is in all likelihood being used for the purpose of distributing heroin in an on-going basis by the DTO to conceal controlled substances, the proceeds from the sale of controlled substances as well as other types of evidence necessary for the prosecution of the DTO's members.

_____
JASON J. FORD
Task Force Officer, DEA
Dallas, Texas

Subscribed and sworn to before me this _____ day of April, 2016

_____
HON. RENÉE TOLIVER
United States Magistrate Judge
Northern District of Texas

## AFFIDAVIT OF QUALIFICATIONS

I, Jesus E. Martinez, Badge #5284, have been a member of the Dallas Police Department (DPD) for approximately thirty years (30) years. During this time, I have worked within the Patrol, Youth, Personnel and Narcotics Divisions.

In September 2012, I was assigned a K-9, and assumed the responsibility of the DPD narcotic trained dog, Weez. My responsibilities consist of his care, training, and handling.

Weez was purchased from Southern Star Ranch K9 Training Center, Florence, Texas. Ms. Sharon Perry is the training director. On September 27, 2012 I, Jesus E. Martinez #5284 and Weez completed a 32 hour certification class from Southern Star K9 Training Center.

Weez aggressively alerts after detecting the scent of narcotics for which he has been trained. His alert consists of physical and mental reactions, which includes a heightened emotional state and by scratching, digging, and /or biting. Weez becomes very possessive of the area in which he detects the narcotics, be it in a locker, a desk drawer, suitcase etc.

Weez has alerted to 347 pounds of Marihuana, 31 kilos of Methamphetamines, 16 kilos Cocaine, 4000 Grams Heroin, 41 Grams Hash oil and $572,496 in drug related U.S. currency

The dog is certified annually for use by the National Narcotic Dog Detector Association, as being certified to alert his handler to the presence of Heroin, Cocaine, Methamphetamine, Marihuana, and its derivatives.

_____ 5284
Detective Jesus E. Martinez

04-01-16

# ATTACHMENT A
## DESCRIPTION OF PROPERTY TO BE SEARCHED

2009 Nissan Altima bearing Texas license plate HCC3997 with VIN # 1N4AL24E29C143028, currently located at 10160 Technology Boulevard East, Dallas, Texas.

# ATTACHMENT B
# DESCRIPTION OF ITEMS TO BE SEIZED

1. Books, records, computer records, sales, and/or purchase invoices, receipts, car rental agreements, notes, rental leases, airline tickets, ledgers, bank records, money orders, and/or other papers relating to the transportation, sale, manufacture, and concealment of narcotic drug sales and disposition of proceeds from narcotic drug sales.

2. Currency, financial instruments, precious metals, jewelry, and/or other items of value derived from profits and proceeds of narcotic sales, and evidence of financial transactions related to obtaining, transferring, laundering, secreting, or spending large sums of money made from engaging in narcotic drug sales.

3. Monetary instruments including money drafts, money orders, cashiers' checks, certificates of deposit, traveler's checks, false identification, title documents, and any negotiable bearer instruments.

4. Electronic processing and storage devices to include personal computers, calculators, tablets, and word processors used to facilitate, transact, secret, or promote the distribution, receipt and sale of narcotic drugs or the laundering of drug proceeds derived therefrom.

5. Cellular telephones, telephone bills, calling cards, telephone and address books, papers, or electronic devices which reflect names, addresses, and/or telephone numbers of individuals associated in dealing in illegal controlled substances.

6. Photographs of individuals, property, and illegal controlled substances.

7. Drug paraphernalia, including equipment or material of any kind used or designed to be used in manufacturing, compounding, converting, concealing, producing, processing, preparing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance.

8. Equipment, materials, chemicals, and all substances used in packaging, cutting, weighing, processing, cooking, heating, and distributing illegal controlled substances.

9. Controlled substances;

All of which evidences the violation of Title 21, United States Code, Section 846.